UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Radcliffe Bancroft Lewis, )
)
    Plaintiff, )
)
        v. ) Civil Action No. 14-1453
)
Government of the )
District of Columbia *et al.*, )
)
    Defendants. )
)

**FILED**
AUG 2 2 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e), which requires the Court to dismiss a complaint upon a determination that it, among other grounds, is frivolous or fails to state a claim upon which relief can be granted.

Plaintiff is a resident of Silver Spring, Maryland. He purports to bring "An In Rem Action" against the District of Columbia, the D.C. City Council, the Federal City Council, Congress of the United States, and U.S. Attorney General Eric Holder. Compl. Caption. Plaintiff wants to "seize all assets en rout [sic] to the accounts of the District of Columbia, and, or, its Chief Financial Officer via transactions made, or to be made, between the District of Columbia Office of Tax and Revenue and members of the public in relation to all real property" listed in the 2014 Tax Sale Listings attached to the Complaint. Compl. at 3 & Ex. 1. Plaintiff states that "[t]he primary purpose for this seizure is to affirm that there exists values, particularly

money, available to satisfy resolution of the ongoing dispute between the District of Columbia and its assigns" and plaintiff's family concerning a claim for lottery winnings from "the December 11, 1999 Powerball game." Pl.'s Decl. at 3. Plaintiff's lottery winnings claim was dismissed by this Court in 2008 for want of subject matter jurisdiction. *See Lewis v. Gov't of the District of Columbia*, 534 F. Supp. 2d 20 (D.D.C. 2008), *aff'd sub nom. Lewis v. Fenty*, 296 Fed.Appx. 75 (D.C. Cir. 2008) (unpublished). Plaintiff does not suggest that he then pursued relief in the Superior Court of the District of Columbia and obtained an enforceable judgment, which might provide some clue as to why he has brought this action.

As it stands, the instant complaint presents the type of fantastic or delusional scenarios warranting dismissal of the case under section 1915(e)(2)(B)(i) as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Furthermore, complaints that lack "an arguable basis in law and fact" are, too, subject to dismissal as frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Even if the allegations are not so bizarre as to satisfy the Court of Appeals' frivolous standard, they lack any merit and, thus, fail to state a claim upon which relief can be granted. Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: August 11, 2014

_____
United States District Judge
J. Boasberg

2